**Edward J. WILSMANN, Plaintiff,**

v.

**Warren C. STEARNS, et al., Defendants.**

**No. 86 C 5973.**

United States District Court, N.D. Illinois, E.D.

June 24, 1987.

See also, D.C., 664 F.Supp. 386.

Richard C. Walsh, Stephen L. Rayman, Patrick M. Walsh, Walsh, Miller, Rayman & Langeland, Kalamazoo, Mich., for plaintiff.

William R. Russell, Russell & Moltzen, Palo Alto, Cal., Paul F. Stack, Stack & Filpi, Chicago, Ill., for Harold L. Upjohn.

Robert W. Queeney, Lawrence A. Coles, Jr., McBride, Baker & Coles, Chicago, Ill., for John Scott Campbell.

Michael W. Coffield, Robin J. Omahana, Donna M. Adler, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for Warren C. Stearns, John L. Walters, T. Eugene Blanchard, John H. Altorfer, and Stearns Management, Inc.

Leon E. Lindenbaum, Walsh, Case, Coale & Brown, Chicago, Ill., for Robert O. Case.

Donald C. Shine, Nisen, Elliott & Meier, Chicago, Ill., for Stearns Co.

ORDER

BUA, District Judge.

This court denies plaintiff's motion for a continuance pursuant to Rule 56(f).

Plaintiff moves for a continuance to permit him to obtain affidavits and to take depositions. Plaintiff argues that such information is essential for his opposition to defendants' summary judgment motions. Specifically, plaintiff contends that defendants' depositions are necessary to defeat the summary judgment motions because issues of "knowledge, credibility, notice and bad faith are present in this case" and that this evidence is within the exclusive possession of defendants.

Rule 56(f) empowers this court to order a continuance of the summary judgment motions so that those motions will not be resolved until additional discovery has been completed. This continuance would allow the nonmovant to obtain affidavits, take depositions, or any other action deemed just. Such judicial action is warranted when the nonmovant cannot present facts essential to justify his opposition to the summary judgment motions. But as the Seventh Circuit recently noted in *Lamb's Patio v. Universal*, 582 F.2d 1068, 1070 (7th Cir.1978):

> Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits ... and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. *Willmar Poultry Co. v. Morton*, 520 F.2d 289, 297 (8th Cir.1975).

Application of the requirements of Rule 56(f) to plaintiff's present motion demonstrates that plaintiff is not entitled to the relief he seeks. First, the affidavit of plaintiff's counsel does not identify any facts he seeks in the requested discovery. The affidavit only makes the vague and conclusory allegation that "issues of knowledge, intent, credibility, motive and bad faith are present in this case and that evidence is exclusively within the possession of the Defendants." Plaintiff fails to demonstrate in his affidavit how the additional discovery would alter the disposition of the summary judgment motions. Plaintiff also fails to affirmatively demonstrate why he cannot respond properly to defendants' affidavits. In addition, plaintiff fails to show how additional discovery would establish a genuine issue of material fact. Second, the affidavit of plaintiff's counsel does not describe any past attempts made by plaintiff to obtain these allegedly indispensable facts. Plaintiff never requested the depositions of those defendants he now seeks to depose. Plaintiff was given the opportunity to seek discovery from the date he filed his complaint on August 12, 1986 until the magistrate stayed discovery on February 24, 1987. This court will not tolerate a party who has been dilatory in discovery to use Rule 56(f) to gain a continuance where he has made only vague assertions that further discovery would develop genuine issues of material fact or aid in his opposition to a summary judgment motion.

In sum, plaintiff has not met the requirements of Rule 56(f) and his request for relief should be denied. Accordingly, plaintiff's motion for a continuance is denied.

IT IS SO ORDERED.